UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DREKE BIN BEY, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:24-cv-00264-SRC |
| STEVE BROCK, et al., | ) |
| Defendants. | ) |

**Memorandum and Order**

Dreke bin Bey alleges that officials at the St. Louis City Justice Center deprived him of his right to exercise his religion and his right to be free from cruel and unusual punishment. On initial review, the Court finds that bin Bey has adequately alleged claims against two out of three defendants under the Religious Land Use and Institutionalized Persons Act (RLUIPA) and the Eighth Amendment. The Court will accordingly allow those claims to proceed. The Court dismisses, without prejudice, the remaining claims.

**I.    Background**

bin Bey brings this action on a prisoner-civil-rights-complaint form under 42 U.S.C. § 1983 and alleges constitutional violations arising out of the conditions of his confinement at the Justice Center. Doc. 1. He names as defendants the following employees of the Justice Center: Steve Brock, Unit Manager; Cassandra Jones, Case Manager; and Tammy Ross, Superintendent. *Id.* at 2–3 (The Court cites to page numbers as assigned by CM/ECF.). He sues all defendants in their official capacities only. *Id.*

bin Bey alleges the following. He states that he is a member of the Islamic Moorish Community and has adopted an Islamic Moor name, Dreke bin Bey. *Id.* at 4. He states that this

practice is common and "is based on divine instructions of Prophet Noble Drew Ali." *Id.*  He finds his prior name to be "religiously, politically[,] and socially offensive because it is a badge of a spiritually unenlightened state." *Id.*

bin Bey also alleges that he ordered a fez, which he identifies as religious property, directly from the manufacturer after Jones approved it. *Id.* at 5.  When the fez arrived at the Justice Center from the Village Hat Shop, however, employees in the mail room returned it. *See* doc. 1-3 at 19.  A memorandum to bin Bey from the Justice Center mail room states, "Your package contains a hat of some sort. It was unopened. This is not allowed in our facility. The package was returned to [its] sender." *Id.*  bin Bey states that Justice Center staff "constantly harass and deny Moors fez without reasonable consideration to law, rights, policy[,] or procedure." Doc. 1 at 5.  And he claims that staff force him to remove his prayer cap to receive medical care from the nurse. *Id.*  bin Bey states that other inmates are allowed to have kufi, prayer caps, medallions, rosary beads, and prayer rugs. *Id.*  He has also asked Jones and Brock to change his race from Black to Moor or American in his records and to stop using his Social Security number without his consent. *Id.*

The remainder of bin Bey's complaint alleges poor conditions of confinement at the Justice Center.  bin Bey states that the Justice Center does not have a current copy of its policies and procedures available to inmates. *Id.* at 6.  He complains of being subjected to lockdown 23 to 24 hours per day, and being denied access to hygiene items, the phone, recreation, and exercise. *Id.* at 7.  Finally, he complains of unsanitary conditions at the Justice Center. *Id.*  He states that the facility is not cleaned properly and inmates are not given appropriate cleaning supplies to do the job themselves. *Id.*  He states that the Justice Center is overrun by an

infestation of flies and "tiny alien cross bred leach maggots species from central American sewer system." *Id.*

For his injuries, bin Bey states that he has suffered no physical injuries that require hospitalization. *Id.* at 10. For relief, he seeks a declaration of the right to change his name and an injunction to correct his name and race on Justice Center records; a declaration that prisoners can have religious property for religious expression; an injunction to stop the use of his Social Security number; an updated Justice Center policies-and-procedures manual; appropriate cleaning supplies; an injunction to stop 23- to 24-hour lockdowns; and $100,000 for his alleged civil-rights violations, pain, and suffering. *Id.* at 11.

## II.     Standard

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." To sufficiently state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must demonstrate a plausible claim for relief, which requires more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). To determine whether a complaint states a plausible claim for relief, the Court must engage in "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). In doing so, the Court must

3

"accept as true the facts alleged, but not legal conclusions." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) (citing *Iqbal*, 556 U.S. at 678).

When reviewing a self-represented person's complaint under section 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984) (per curiam), and liberally construes the complaint, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). A "liberal construction" means that, if the Court can discern "the essence of an allegation," the "[C]ourt should construe the complaint in a way that permits" the Court to consider the claim within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). Even so, self-represented plaintiffs must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). The Court need not assume unalleged facts. *Stone*, 364 F.3d at 914–15 (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff). Nor must it interpret procedural rules to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

### III.     Discussion

####        A.     Claims against Ross

The only well-pleaded allegation that bin Bey makes against Ross is that Ross failed to provide bin Bey with access to current prison policies and procedures. *See* doc. 1 at 7 (alleging that the superintendent failed to provide bin Bey with policies and procedures); *id.* at 3 (stating that Ross is the superintendent). Nowhere can the Court find any support for the argument that a prisoner has a right to a prison's policies and procedures. Thus, the Court dismisses the claims against Ross for failure to state a claim.

4

B.   **Claims against Brock and Jones**

1.   **RLUIPA claims**

bin Bey alleges that Jones and Brock would not call him by his religious name and would not allow him to buy and wear a fez, which although not explicit, appears to be bin Bey's preferred religious head covering. *See* doc. 1 at 4–5. The Court construes these allegations as raising claims under RLUIPA and the First Amendment. As discussed recently in *Barnett v. Short*, "RLUIPA prohibits the government from . . . imposing a substantial burden on a jail inmate's religious exercise[] unless the government shows that the burden is the least restrictive means of furthering a compelling government interest." 129 F.4th 534, 539 (8th Cir. 2025). "RLUIPA expressly gives inmates a cause of action to vindicate their rights in court." *Id.*

Viewing the facts in the light most favorable to bin Bey, the Court finds that bin Bey has stated a plausible claim of RLUIPA violations against Jones and Brock. bin Bey states that he is an adherent of the Islamic Moorish community, which has issued a "burg[u]ndy fez mandate" requiring him to wear a fez in accordance with their religious beliefs. Doc. 1 at 4; doc. 1-3 at 16. And bin Bey further alleges that Jones refused to allow him to wear this religious head covering at the Justice Center and that both Jones and Brock refused to accommodate his religious name. *See* doc. 1 at 4–5. Because bin Bey has stated a plausible claim for relief, the Court will issue process on his RLUIPA claim as to Jones and Brock.

2.   **First Amendment claims**

The Court also construes bin Bey's complaint as alleging a violation of the First Amendment's Free Exercise clause. On the form complaint, however, bin Bey has checked the box and affirmatively selected to sue Defendants only in their official capacities. *See Reynolds v. Cook*, No. 24-1618, 2025 WL 670428, *1 (8th Cir. Mar. 3, 2025) (per curiam) (holding that,

5

where a plaintiff affirmatively selected that he sues a defendant only in his official capacity, a court need not apply the course-of-proceedings test to assess whether the plaintiff has asserted an individual-capacity claim). In an official-capacity claim against a municipal employee, the claim is actually "against the governmental entity itself," in this case, the City of St. Louis. *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017) (quoting *Brockinton v. City of Sherwood*, 503 F.3d 667, 674 (8th Cir. 2007)). To prevail on an official-capacity claim, bin Bey must establish the City of St. Louis's liability for the alleged conduct. *See Kelly v. City of Omaha*, 813 F.3d 1070, 1075 (8th Cir. 2016). This requires establishing that the constitutional violations resulted from "(1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018) (quoting *Corwin v. City of Indep.*, 829 F.3d 695, 699 (8th Cir. 2016)); *see also Los Angeles Cnty. v. Humphries*, 562 U.S. 29, 31 (2010) (holding that the policy-or-custom requirement also applies to claims for injunctive and declaratory relief). Thus, to state a claim, bin Bey must "allege[] . . . facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of his rights. *Ulrich v. Pope Cnty.*, 715 F.3d 1054, 1061 (8th Cir. 2013).

      Here, bin Bey has not alleged that any constitutional violation resulted from an official policy, unofficial custom, or a failure to train or supervise on the part of the City of St. Louis. *See generally* doc. 1. For that reason, the Court dismisses bin Bey's First Amendment claims against Jones and Brock.

### 3. Eighth Amendment claim

As for bin Bey's allegations related to the unsanitary conditions at the Justice Center, the Court construes them as a section 1983 Eighth Amendment claim. Again, bin Bey lodges this claim against Jones and Brock only in their official capacities. *See id.* at 2–3.

The Eighth Amendment "prohibits punishments that 'deprive inmates of the minimal civilized measure of life's necessities.'" *Howard v. Adkison*, 887 F.2d 134, 137 (8th Cir. 1989) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). "[I]nmates are entitled to adequate sanitation, personal hygiene, and laundry privileges, particularly over a lengthy course of time." *Id.* (citations omitted). "Conditions, such as a filthy cell, may 'be tolerable for a few days and intolerably cruel for weeks or months.'" *Id.* (quoting *Hutto v. Finney*, 437 U.S. 678, 687 (1978)). The Court considers "the totality of circumstances" in determining whether unsanitary prison conditions violate the Eighth Amendment. *Id.*

Here, drawing all reasonable inferences in bin Bey's favor, the Court finds that bin Bey has stated an Eighth Amendment claim against the City of St. Louis and, by extension, against Jones and Brock in their official capacities. bin Bey alleges that "the floor has never been mopped" at the Justice Center and that blood has remained on the floor there since early 2023. Doc. 1 at 7. And bin Bey alleges that cells contain stains on the walls and fecal matter on the floors, all while Jones and Brock have failed to provide enough supplies to clean these areas. *Id.*

And, from bin Bey's allegation that Brock attributed the unsanitary conditions to a prison "system," the Court can reasonably infer that a municipal policy caused this alleged constitutional violation. *Id.* That suffices to support, at this stage, a claim against the City of St. Louis. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690 (1978) (holding that a plaintiff can sue a municipal body "directly under [section] 1983 for monetary, declaratory, or

7

injunctive relief where, as here, the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers"). Accordingly, the Court will issue process as to Jones and Brock on bin Bey's Eighth Amendment claim.

C.  **Motion for Default Judgment**

Finally, bin Bey filed a motion for a default judgment against Defendants. Doc. 14. The Court denies this motion without prejudice as premature. Because bin Bey is proceeding pro se and *in forma pauperis*, the Court can initially review his complaint prior to issuing summonses on Defendants. *See* 28 U.S.C. § 1915(e)(2). By this Memorandum and Order, the Court conducts that initial review and issues summonses. bin Bey may renew his motion if, after service, Defendants do not timely respond to his complaint.

IV.  **Conclusion**

Accordingly, the Court directs the Clerk of Court to cause process to issue on bin Bey's complaint as to Brock and Jones on bin Bey's RLUIPA and Eighth Amendment claims. The Court dismisses, without prejudice, bin Bey's claims against Ross and bin Bey's First Amendment claims against Brock and Jones. The Court denies without prejudice bin Bey's [14] Motion for Default Judgment. A separate order of partial dismissal accompanies this Memorandum and Order.

So ordered this 11th day of July 2025.

_____<br>
STEPHEN R. CLARK<br>
CHIEF UNITED STATES DISTRICT JUDGE

8